# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   BARTOLO MONTOYA,                                            no. 7-15-12528 JA

  Debtor.

## MEMORANDUM OPINION

Debtor, Bartolo Montoya, *pro se* (Mr. Montoya, or "Debtor"), complains that the Pueblo of Isleta Tax Administration and the Isleta Tribal Court willfully violated the automatic stay by entering an Order on Motion for Tax Lien and Stay of Proceedings Against Real and Personal Property ("Tax Lien and Stay Order" or "Order") in an action pending in the Isleta Tribal Court, Isleta Pueblo, New Mexico as Case No. CV-CM-0111-2014 (the "Tribal Court Action").  He filed a Motion to Enforce Automatic Stay and for Award of Monetary Sanctions Pursuant to 11 U.S.C. § 362(k) ("Motion") requesting this Court to void the Tax Lien and Stay Order and to impose monetary damages and sanctions against the Pueblo of Isleta Tax Administration and Isleta Pueblo Tribal Court for willful violation of the automatic stay.

The Court held a final, evidentiary hearing on the Motion on February 29, 2016.  Mr. Montoya appeared at the final hearing, *pro se*.  Carolyn Abeita appeared at the final hearing on behalf of the Pueblo of Isleta Tax Administration.  At the hearing, the Court granted the Pueblo of Isleta Tax Administration's motion under Fed.R.Civ.P. 52(c)[1] following the close of Mr. Montoya's presentation of evidence requesting the Court to deny the Motion to the extent it seeks monetary damages.  Mr. Montoya presented no evidence of actual damages.  The Court also denied the Motion under Fed.R.Civ.P. 52(c) to the extent it asserts a claim for willful violation of the automatic stay against the Isleta Pueblo Tribal Court or against Judge Vincent L. Knight, Sr., who presided over the Tribal Court Action.  The Court took the remainder of the

---

[1] Rule 52(c) is applicable to this contested matter pursuant to Fed.R.Bankr.P. 9014 and Fed.R.Bankr.P. 7052.

Motion under advisement. For the reasons explained below, the Court will grant the Motion, in part, and deny the remainder of the relief requested.

## FACTS[2]

The Pueblo of Isleta is a federally recognized Indian tribe located on a reservation in New Mexico. The land comprising the reservation is held in trust by the United States for the benefit of the Pueblo of Isleta. Bartolo A. Montoya, d/b/a Smoke Warehouse, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 24, 2015. *See* Docket No. 1. On Schedule A, Mr. Montoya scheduled a commercial property located at 04 State Road 45 SW (the "Property"). *Id.* Mr. Montoya formerly operated his business, known as the White Buffalo Smoke Shop, on the Property. The Property is located within the exterior boundaries of the Isleta Pueblo Reservation. *See* Exhibit C. Under applicable law, Mr. Montoya cannot transfer his interest in the Property to someone who is not a member of the Pueblo of Isleta.

Mr. Montoya scheduled the Pueblo of Isleta Tax Administration as the holder of a disputed claim for "Cigarette Tax Excise Ordinance/on Indian Tribal Land" in the amount of $366,875. 89. *See* Docket No. 1, Schedule C. Mr. Montoya identified the Tribal Court Action in an Addendum to Statement of Financial Affairs. *See* Docket No. 4.

On September 29, 2015, the Isleta Tribal Court held a hearing in the Tribal Court Action on a motion filed by the Pueblo of Isleta Tax Administration requesting an order recognizing a tax lien. *See* Exhibit A. Tribal Court Judge Vincent L. Knight, Sr. presided over the hearing. The Pueblo of Isleta Tax Administration was unaware of the filing of Mr. Montoya's bankruptcy petition before the September 29, 2015 hearing in the Tribal Court Action. At the hearing, Judge Knight informed the Pueblo of Isleta Tax Administration that Mr. Montoya had filed a petition

---

[2] With the parties' permission, the Court took judicial notice of the documents filed in Mr. Montoya's bankruptcy case. The parties stipulated to the admission of all exhibits offered into evidence at the final hearing.

for relief under the Bankruptcy Code. The Pueblo of Isleta Tax Administration received notice of Mr. Montoya's bankruptcy in the mail later that day.

On October 5, 2015, the Isleta Tribal Court entered the Tax Lien and Stay Order in the Tribal Court Action. *See* Exhibit A. The decretal portion of the Order provides:

1) Petitioner's [Isleta Pueblo Tax Administration's] motion is hereby granted and a tax lien in favor of the Pueblo of [Isleta] Tax Administration in the amount of $386,875.89 is hereby issued against any personal and real property of the Respondent [Mr. Montoya].

2) A stay or restraining order is issued against the Respondent from selling or otherwise disposing of any such property in lieu of payment of the tax lien or committing any legal waste.

3) The Respondent [h]as filed bankruptcy in federal court and an automatic stay has been issued against all proceedings against the Respondent in collecting any debts owed including taxes owed the Pueblo.

4) The stay or restraining order will remain in effect until the proper forum shall make a determination that any such property in Isleta Pueblo may be subject to sale and attachment for payment of creditors, including POI Tax Administration in any legal proceedings, including the priority of such liens.

5) This court will not make any determinations of any priority of liens at this time.

*See* Exhibit A.

One reason Judge Knight issued the Tax Lien and Stay Order was to prevent Mr. Montoya from committing legal waste of any property subject to the lien. Judge Knight also intended to recognize and honor the bankruptcy stay. Mr. Montoya did not appear at the hearing on September 29, 2015 in the Tribal Court Action that resulted in the entry of the Tax Lien and Stay Order.

Following the entry of the Tax Lien and Stay Order, the Pueblo of Isleta Tax Administration has done nothing to execute on the lien. Nor has the Pueblo of Isleta Tax Administration taken any further action to collect the unpaid cigarette taxes from Mr. Montoya.

3

There have been no further hearings in the Tribal Court Action since September 29, 2015. No other orders have been entered against Mr. Montoya in the Tribal Court Action since September 29, 2015. The Pueblo of Isleta Tax Administration has not taken possession of any of Mr. Montoya's property, and has taken no action against the Property since September 29, 2015. Mr. Montoya has had access to the Property and to all of his other property since the entry of the Tax Lien and Stay Order. He has been able to come and go from the Property as he wishes. The Pueblo of Isleta Tax Administration has not contacted Mr. Montoya since the entry of the Tax Lien and Stay Order. Mr. Montoya has not incurred any attorneys' fees as a result of the September 29, 2015 hearing or the entry of the Order. There is no evidence that Mr. Montoya suffered any actual damages as a result of the actions of which he complains.

## DISCUSSION

By operation of 11 U.S.C. § 362, the filing of a voluntary petition for relief under the Bankruptcy Code automatically stays:

> the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
>
> 11 U.S.C. § 362(a)(1).

"The scope of the stay is broad, encompassing almost any type of formal or informal action taken against the debtor or the property of the [bankruptcy] estate." *In re Gindi,* 642 F.3d 865, 870 (10th Cir. 2011), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet, Ltd.,* 661 F.3d 495 (10th Cir. 2011) (internal quotation marks and citation omitted).[3] Its purpose "is to protect the debtor and his creditors by allowing the debtor to organize his affairs,

---

[3] *See also, In re Escobedo,* 513 B.R. 605, 610-11 (Bankr.D.N.M. 2014) ("The scope of the automatic stay is broad.") (citations omitted); *In re Panayotoff,* 140 B.R. 509, 511 (Bankr.D.Minn. 1992) ("The language of this provision [§ 362(a)(1)] is about as clear as one could reasonably want, and about as broad as Congress could have provided.").

4

and by ensuring that the bankruptcy procedure may operate to provide an orderly resolution of all claims." *Pursifull v. Eakin,* 814 F.2d 1501, 1504 (10th Cir. 1987) (citing *Fortier v. Dona Ana Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir. 1984)).

The entry of the Tax Lien and Stay Order in the Tribal Court Action constitutes a continuation of a judicial action against the Debtor in violation of 11 U.S.C. §362(a)(1). Because the language of § 362(a)(1) is disjunctive,[4] "the scope of the stay is not limited to proceedings for a monetary recovery against the debtor." *Panayotoff,* 140 B.R. at 511. *See also In re Bowden,* 2015 WL 4710376, at *8, n. 5 (Bankr.M.D.N.C. Aug. 6, 2015) ("By using 'or' as a disjunctive, the statute prohibits either commencing [or continuing] a proceeding that could have been commenced pre-petition *or* attempting to recover a claim that arose before the commencement of the case.") (emphasis added).

The caption of the Tribal Court Action reflects that Pueblo of Isleta Tax Administration is the "Petitioner" and Bartolo A. Montoya, d/b/a Smoke Warehouse is the "Respondent." *See* Exhibit A. The Tribal Court Action is, therefore, an "action or proceeding against the debtor." The action is a form of "judicial action" because it is being adjudicated by the Isleta Tribal Court. "'Continuation,' as used in § 362(a)(1) connotes an advancement of an action or proceeding." *In re Henson,* 477 B.R. 786, 791 (Bankr.D.Colo. 2012).[5] The entry of the Tax Lien and Stay Order advanced the Tribal Court Action by granting Pueblo of Isleta Tax Administration a tax lien in the amount of $386,875.89 against Mr. Montoya's real and personal

---

[4] Section 362(a)(1) prohibits "the commencement of continuation . . . of a judicial, administrative or other action or proceeding against the debtor . . . *or* to recover a claim against the debtor . . ." 11 U.S.C. § 362(a)(1) (emphasis added). *See also, Panayotoff,* 140 B.R. at 511 (pointing out that "the language of the two phrases which qualify the term 'judicial, administrative, or other action or proceeding against the debtor,' is in the disjunctive.").

[5] In *Henson,* the bankruptcy court concluded that the post-petition entry of a state court order that merely continued a scheduled foreclosure sale did not violate the automatic stay because the order did not advance the foreclosure process but merely maintained the status quo. *See Henson,* 477 B.R. at 791.

5

property.  *See* Exhibit A.  Consequently, the entry of the Tax Lien and Stay Order after the commencement of Debtor's bankruptcy case violated the automatic stay.

Entry of the Tax Lien and Stay Order violated § 362(a)(1) regardless of the language in the Tax Lien and Stay Order recognizing and respecting the existence of the automatic stay.  The Order granted a lien in favor of the Pueblo of Isleta Tax Administration against "any personal and real property" of the Debtor, and prohibited the Debtor from "selling or otherwise disposing of any such property."[6]  Tax Lien and Stay Order, ¶¶ 1 and 2.  The Order's prohibition against the Debtor selling or disposing of property does nothing more than what the Bankruptcy Code already prohibits, to the extent such property is property of the bankruptcy estate.[7]  But by granting a lien in favor of the Pueblo of Isleta Tax Administration, the Order did more than acknowledge the automatic stay in an effort to maintain the status quo.  Entry of the Order after the date of filing of Mr. Montoya's bankruptcy petition continued the Tribal Court Action against the Debtor in violation of §362(a)(1).  *Cf. Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 975 (1st Cir. 1997) ("Because the decision which animated the entry of

---

[6] Pueblo of Isleta Tax Administration argued that the Property is not included within the bankruptcy estate because it is located within the exterior boundaries of the Pueblo of Isleta, and such real property is Tribal land held in trust. *See In re Frank-Hill,* 300 B.R. 25, 30 (Bankr.D.Ariz. 2003) (noting decisions under the former Bankruptcy Act which found that "property held by the government in trust for Indians was not an 'asset' to be administered by the trustee in a bankruptcy proceeding."). The Pueblo of Isleta Tribal Constitution provides that no lands within the exterior boundaries of the Isleta Pueblo Grant "shall ever be alienated from the pueblo by action of any member of the pueblo." Pueblo of Isleta Tribal Constitution, Article I – Exhibit B.  Pueblo of Isleta Tax Administration also represented to the Court that it would not seek to enforce its lien against any personal property claimed exempt on Debtor's Schedule C.  Even if the Property constitutes Tribal trust property, Debtor's interest in the Property, *i.e.,* his right to possess and use the Property, would nevertheless be included in the bankruptcy estate.  *See* 11 U.S.C. § 541(a)(1) (property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case.").  However, the Court's conclusion that the entry of the Tax Lien and Stay Order constitutes a continuation of a pre-petition judicial action against the Debtor makes it unnecessary for the Court to address these arguments further.

[7] *See In re Bucchino,* 439 B.R. 761, 770-72 (Bankr.D.N.M. 2010) (explaining that all legal and equitable interests of the debtor in property as of the commencement of the bankruptcy case become property of the bankruptcy estate in accordance with § 541(a), and that, until a debtor's claim of exemption in such property is allowed, property of the bankruptcy estate belongs to the bankruptcy trustee subject to the claim of exemption, and does not belong to the debtor).

6

the order and judgment occurred after the stay was in force, those actions continued the state judicial proceeding within the meaning of section 362(a)(1).").

"Any action taken in violation of the stay is void and without effect." *Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1022 (10th Cir. 1994) (citing *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372-73 (10th Cir. 1990) (remaining citation omitted)). *See also Ruston v. Bank of Utah (In re C.W. Mining Co.),* 477 B.R. 176, 191 (10th Cir. BAP 2012) ("The law in the Tenth Circuit is clear that actions taken in violation of the automatic stay are *void ab initio;* that is, they are without legal effect.") (citation omitted). "The effect of violating the automatic stay is to void the action, whatever the context." *C.W. Mining,* 477 B.R. at 192. An act that is *void ab initio* is as if the act never occurred. *See* Black's Law Dictionary 1568 (Seventh Edition 1999) (*void ab initio* means "[n]ull from the beginning"). Thus, an action taken in violation of the automatic stay is not merely voidable, but is void *ab initio,* simply by operation of 11 U.S.C. § 362. *See Gonzales v. Beery (In re Beery),* 452 B.R. 825, 834 (Bankr.D.N.M. 2011) (recognizing that "[t]he Tenth Circuit has repeatedly ruled that actions taken in violation of the stay are void *ab initio,* not merely voidable.") (citing *Ellis,* 894 F.2d at 372). The Tax Lien and Stay Order, entered in violation of 11 U.S.C. § 362(a)(1), thus is void. The Court will, therefore, grant the Motion to the extent it requests the Court to declare that the Tax Lien and Stay Order is void.[8]

*Debtor's Claims, if any, against the Isleta Tribal Court and Judge Knight*

The Isleta Tribal Court was established by the Pueblo of Isleta Tribal Constitution. *See* Pueblo of Isleta Tribal Constitution, Article IX, Section 1. ("The Judicial Branch of the

---

[8] Because the Order is void *ab initio,* this Court may recognize it as such regardless of whether the Pueblo of Isleta Tax Administration is immune from suit in bankruptcy court because of Tribal sovereign immunity. *See infra* note 9.

7

government of the Pueblo of Isleta shall consist of the tribal and appellate courts of the pueblo.")
– Exhibit B.  By ordinance, each Tribal Court Judge "possess[es] sovereign immunity with respect to conduct of his official duties as Tribal Judge[.]"  Ordinance Establishing the Number, Salary, Qualifications and Term of Office for Pueblo of Isleta Tribal Judges – Exhibit D.  This ordinance is consistent with the common-law doctrine of judicial immunity.  *See Stump v. Sparkman,* 435 U.S. 349, 355, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (stating that "'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts . . .'") (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall) 335, 351, 20 L.Ed. 646 (1871)).  *See also Fritz v. Hammons,* 991 F.2d 805 (10th Cir. 1993) (Table) ("Judges are . . . entitled to absolute immunity from suits for civil damages when such suits are predicated on the performance of judicial acts.") (citing *Schepp v. Freemont County,* 900 F.2d 1448, 1451 (10th Cir. 1990)).

Judge Knight entered the Tax Lien and Stay Order as part of his official duties as Tribal Court Judge.  Mr. Montoya cannot maintain his claim (if any) against Judge Knight for willful violation of the automatic stay based on entry of the Order because Judge Knight is immune from such suit.  Mr. Montoya's claims against the Isleta Pueblo Tribal Court are likewise barred on grounds of immunity.[9]

*Willful stay violation under § 362(k)*[10]

---

[9] *Cf. Vacek v. Court of Appeals, Santa Fe, N.M.,* 325 Fed.Appx. 647, 649 (10th Cir. 2009) (plaintiffs could not assert claims against the New Mexico Court of Appeals or the Second Judicial District Court because of Eleventh Amendment immunity from suit) (citations omitted); *Aurit v. Douglas County District Court,* 2010 WL 5422927, *2 (D. Colo. Dec. 28, 2010) (dismissing claims against the Douglas County District Court based on Eleventh Amendment immunity); *Kerkhoff v. West Valley City Dist. Court,* 2015 WL 668709, *1 (D.Utah Feb. 17, 2015) (plaintiff's claims against district court barred based on Eleventh Amendment immunity).

[10] Isleta Pueblo Tax Administration raised sovereign immunity as a defense to Debtor's claims for willful violation of the automatic stay.  There is a split in authority on the issue of whether 11 U.S.C. § 106(a) abrogates Tribal sovereign immunity.  *Compare Krystal Energy Co. v. Navajo Nation,* 357 F.3d 1055 (9th Cir. 2004) (holding that Congress abrogated tribal sovereign immunity) *with In re Whitaker,* 474 B.R. 687 (8th Cir. BAP 2012) (holding that Congress did not unequivocally express an intent to abrogate the sovereign immunity of Indian tribes in suits under the Bankruptcy Code by enacting 11 U.S.C. § 106).  *See also In re Mayes,* 294 B.R. 145, 148 n. 10 (10th Cir. BAP 2003) (finding that tribe did not waive its immunity from suit in Bankruptcy Court by waiving its immunity in state

Section 362(k) allows an individual debtor injured by a creditor's willful violation of the automatic stay to recover damages. It provides, in relevant part:

> an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k).

"A debtor alleging a willful violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation of the automatic stay has occurred, that the violation was willfully committed and that the debtor suffered damage as a result of the violation." *Kline v. Tiedemann (In re Kline),* 424 B.R. 516, 524 (Bankr.D.N.M. 2010) (citations and additional quotation marks omitted). The first requirement has already been established: the Tax Lien and Stay Order was entered in violation of the automatic stay. Willfulness is present when "the creditor knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required." *Johnson v. Smith (In re Johnson),* 501 F.3d 1163, 1172 (10th Cir. 2007) (citations omitted). The evidence demonstrates that this element has also been satisfied: Pueblo of Isleta Tax Administration knew of the existence of the automatic stay when Judge Knight informed them at the hearing on September 29, 2015; subsequently, albeit at Judge Knight's suggestion, Pueblo of Isleta Tax Administration asked the Tribal Court to enter the Tax Lien and Stay Order.

---

court, and commenting, but not holding that "§ 106(a) likely could not abrogate [the tribe's] immunity . . .). The Court need not address this issue.

First, the Tax Lien and Stay Order entered in violation of the automatic stay is void by operation of law even without a Court order determining it to be void. Such determination does not, therefore, impinge on the Pueblo of Isleta Tax Administration's sovereign immunity, assuming, without deciding, that sovereign immunity applies to the Pueblo of Isleta Tax Administration. Second, even if the entry of the Tax Lien and Stay Order constituted a willful violation of the stay, Mr. Montoya failed to prove any damages and is not entitled to the relief requested under 11 U.S.C. § 362(k). Because Mr. Montoya is not entitled to monetary damages, the Court need not address whether the Bankruptcy Code constitutes an abrogation of Tribal sovereign immunity for purposes of empowering this Court to award damages, as requested, based on a willful violation of the automatic stay.

9

The debtor "bear[s] the burden of proving actual damages with reasonable certainty." *In re Gagliardi,* 290 B.R. 808, 819 (Bankr.D.Colo. 2003) (citing *Doe v. United States,* 976 F.2d 1071, 1085 (7th Cir. 1992) (remaining citation omitted)). Here, Mr. Montoya presented no evidence of actual damages. To the contrary, the evidence shows that Mr. Montoya has not been harmed by the entry of the Tax Lien and Stay Order. As determined by the Court at the final hearing, even if the Court were to find that a willful violation of the automatic stay occurred, Mr. Montoya has failed to meet his burden of showing that he suffered any actual damages.

Nor do the circumstances warrant the imposition of punitive damages. The statute provides for an award of punitive damages in "appropriate circumstances." 11 U.S.C. § 362(k). The Court may impose punitive damages arising from a willful violation of the automatic stay even if a debtor fails to prove actual damages. *See, e.g., In re Jean-Francois,* 532 B.R. 449, 457-58 (Bankr.E.D.N.Y. 2015) (after determining that debtor failed to prove actual damages, the court determined that the circumstances supported an award of punitive damages). "[T]he debtor may recover punitive damages when the defendant acted with actual knowledge that he was violating a protected right or with reckless disregard of whether he was doing so." *Diviney v. NationsBank of Tex., N.A. (In re Diviney),* 225 B.R. 762, 776 (10th Cir. BAP 1998) (citation omitted). Other relevant factors used to determine whether to award punitive damages include "the nature of the creditor's conduct; the creditor's ability to pay damages; the level of sophistication of the creditor; the creditor's motives, and any provocation by the debtor." *Gagliardi,* 290 B.R. at 820 (citations omitted). Punitive damages may also be appropriate if the creditor's "stay violations were conducted in bad faith, with malice, or in a particularly egregious manner." *Jean-Francois,* 532 B.R. at 457 (citation omitted).

10

Pueblo of Isleta Tax Administration's actions fall short of the type of behavior warranting an award of punitive damages under 11 U.S.C. § 362(k). It was unaware of Mr. Montoya's bankruptcy filing until Judge Knight informed it of the bankruptcy filing at the hearing held September 29, 2015. It obtained entry of the Tax Lien and Stay Order at Judge Knight's suggestion with the intention of thereby honoring the automatic stay. It took no further action after the entry of the Order to execute on its lien, to prevent Mr. Montoya from accessing or making use of the Property or other of his assets, or otherwise to collect the debt. The Court declines to award any punitive damages to Mr. Montoya under the facts and circumstances present here.

## CONCLUSION

Based on the foregoing, the Court concludes that the Tax Lien Order entered after the filing of Mr. Montoya's bankruptcy petition violated 11 U.S.C. § 362(a)(1) and is *void ab initio*.[11] The Tribal Court and Judge Knight are immune from Mr. Montoya's claims for willful violation of the automatic stay. Finally, Mr. Montoya did not provide any evidence of actual damages, and the circumstances surrounding the entry of the Tax Lien and Stay Order do not warrant the imposition of punitive damages.

---

[11] The Court notes that the Tribal Cigarette Taxes that form the basis of Pueblo of Isleta Tax Administration's claim may not be dischargeable. *See* 11 U.S.C. § 523(a)(1). If such taxes are non-dischargeable, Pueblo of Isleta Tax Administration may again seek to obtain a tax lien and collect on the debt after Mr. Montoya receives a discharge of his other debts and the bankruptcy case is closed, at which time the automatic stay will no longer be in effect. *See* 11 U.S.C. § 362(c)(2). If the debt is not discharged, such action will not violate the discharge injunction. *See United States v. White,* 466 F.3d 1241, 1246 (11th Cir. 2006) (the discharge injunction "prohibits collection only with respect to dischargeable debts and does not apply to non-dischargeable debts."); *In re Diaz,* 647 F.3d 1073, 1088 (11th Cir. 2011) ("once a discharge has been granted, holders of *nondischargeable* debts generally may attempt to collect from the debtor personally for such debts.") (citation omitted).

11

The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 14, 2016

COPY TO:

Carolyn J Abeita
VanAmberg, Rogers, Yepa, Abeita, Gomez &
Attorney for Pueblo of Isleta Tax Administration
1201 Lomas Blvd., NW Suite C
Albuquerque, NM 87102

Bartolo Montoya
Debtor
203 Tribal Road 10
Bosque Farms, NM 87068